UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE:<br>GAIL K. BUGNACKI<br><br>Debtor | Case No.  08-30755 (ASD)<br><br>Chapter     7 |
| CAROL M. RZASA, as Executrix of the<br>Estate of IRENE V. KOZLOWSKI<br><br>        Plaintiff<br>   v.<br><br>GAIL K. BUGNACKI and<br>RICHARD BELFORD, Trustee<br><br>        Defendants | Adv. Pro. No. 08-3078 |

**BRIEF MEMORANDUM AND ORDER DISMISSING DEBTOR'S COUNTERCLAIMS**

### I.   INTRODUCTION

Before the Court is the Motion to Dismiss Counterclaim (hereafter, the "Motion"), Doc. I.D. No. 23, of Carol M. Rzasa ("Rzasa"), as Executrix of the Estate of Irene V. Kozlowski, seeking an order dismissing certain counterclaims filed by Gail K. Bugnacki (the "Debtor") in the captioned adversary proceeding.  For the reasons set forth hereinafter, the Motion is granted.

### II.   BACKGROUND

The Debtor filed a Chapter 7 bankruptcy petition on March 11, 2008 (the "Petition Date").  Irene V. Kozlowski, mother of Rzasa and the Debtor, died in 2006. Rzasa, as executrix of Kozlowski's estate had brought an prepetition state-court action against the Debtor concerning the Debtor's handling of Kozlowski's financial affairs prior to her death; such state-court litigation was pending as of the Petition

Date.

Rzasa, on June 9, 2008, commenced this adversary proceeding seeking to have her claims against the Debtor held nondischargeable under various subsections of Bankruptcy Code Section 523(a).  The Debtor, in response, filed a three-count counterclaim, see Counterclaim, Doc. I.D. No. 20, alleging that Rzasa's conduct, prior to Kozlowski's death and thereafter as executrix of Kozlowski's estate, constituted (1) a breach of fiduciary duty; (2) an abuse of fiduciary power; and (3) fraud and self-dealing.

The Motion, pursuant to Fed. R. Civ. P. 12(b)(1), made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7012(b), seeks the dismissal of the counterclaims on grounds, *inter alia*, that the Debtor lacks standing. On December 4, 2008, after notice, the court held a nonevidentiary hearing on the Motion and the Objection to Motion . . . , Doc. I.D. No.  28, and took the matter under advisement.

### III.    DISCUSSION

"It is well established that once a trustee is appointed, a debtor loses all authority to litigate any claim for or against the estate." Cadle Co. v. Flanagan (In re Flanagan), 503 F.3d 171, 179 (2d Cir. 2007).

> The trustee in bankruptcy has a duty to collect and liquidate all nonexempt property from the bankrupt's estate.  The bankruptcy estate encompasses all legal or equitable interests of the debtor in property as of the commencement of the case, including any causes of action possessed by the debtor. By operation of section 541, any claims ostensibly belonging to [a debtor]  ...  became property of the estate when [she] sought protection under the bankruptcy laws.

Seward v. Devine, 888 F.2d 957, 962 -963 (2d Cir.1989).

Because the Debtor's schedules indicate the bankruptcy estate is not solvent,

2

only the trustee of her bankruptcy estate presently has standing to assert the Debtor's claims against Rzasa. Unless and until the trustee abandons such claims to the Debtor in accordance with Bankruptcy Code Section 554, the Debtor lacks standing to assert any claim against Rzasa which arose prior to the petition date. To the extent that the Debtor intended her allegations to include postpetition conduct by Rzasa, such claims may nevertheless also be property of the bankruptcy estate pursuant to Section 541(a)(7), which includes in the estate "[a]ny interest in property that the estate acquires after the commencement of the case," if the action that accrues post-petition is "sufficiently rooted in the pre-bankruptcy past." See Charts v. Nationwide Mut. Ins. Co., 300 B.R. 552, 558 (D.Conn. 2003) (*quoting* Segal v. Rochelle, 382 U.S. 375, 380, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966)).

Any claims arising post-petition that are not so "rooted" in the prepetition past as to be part of the bankruptcy estate are outside the scope of this Court's jurisdiction, which is limited to "civil proceedings arising under title 11, or arising in or related to cases under title 11," and must therefore be dismissed. 28 U.S.C. §1334(b); see, also Celotex Corp. v. Edwards, 514 U.S. 300, 307, 115 S.Ct. 1493, 1498, 131 L.Ed.2d 403 (1995).

### IV.  CONCLUSION

In accordance with the forgoing discussion, the Motion is **GRANTED** and the Counterclaim is **DISMISSED.  IT IS SO ORDERED**.

Dated: December 15, 2008  BY THE COURT


Albert S. Dabrowski
Chief United States Bankruptcy Judge

3