UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: | ) |
| | ) |
| GAIL K. BUGNACKI, | ) Case No. 08-30755 (ASD) |
| | ) |
| DEBTOR | ) CHAPTER 7 |
| | |
| CAROL M. RZASA, as Executrix of the | ) |
| Estate of IRENE V. KOZLOWSKI, | ) |
| | ) |
| PLAINTIFF | ) ADV. PRO. NO. 08-3078 |
| v. | ) |
| | ) |
| GAIL K. BUGNACKI, | ) RE: ECF No. 32 |
| | ) |
| DEFENDANT | ) |

APPEARANCES:

Kathleen M. LaManna, Esq.                                    Attorney for Plaintiff
Shipman & Goodwin, LLP
One Constitution Plaza
Hartford, Connecticut 06103-1919

Heidi J. Alexander, Esq.                                     Attorney for Defendant
Alexander Law Offices, LLC
62 Washington Street, 3rd Floor
Middletown, Connecticut 06457


**MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT**

ALBERT S. DABROWSKI, United States Bankruptcy Judge

## I. INTRODUCTION

In this adversary proceeding the Plaintiff, Carol M. Rzasa, as Executrix of the Estate of Irene V. Kozlowski, seeks to have declared non-dischargeable a debt owed to the decedent by the Debtor-Defendant. The Plaintiff has moved for summary judgment based upon the alleged preclusive effect of a prior judgment rendered by default in the Superior Court for the State of Connecticut. For the reasons which follow, the motion for summary judgment will be **GRANTED IN PART**.

## II. JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant proceeding by virtue of 28 U.S.C. § 1334(b); and this Court derives its authority to hear and determine this matter on reference from the District Court pursuant to 28 U.S.C. §§ 157(a), (b)(1). This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(I).

## III. PROCEDURAL BACKGROUND

On March 11, 2008, Gail K. Bugnacki (hereafter, the "Debtor," "Defendant," or "Debtor-Defendant") commenced the instant bankruptcy case, *In re Bugnacki*, Case No. 08-30755, by the filing of a voluntary petition under Chapter 7 of the Bankruptcy Code . On April 30, 2008, this Court dismissed the Debtor's bankruptcy case based upon certain deficiencies. On May 1, 2008, the Connecticut Superior Court re-entered a Civil Action Judgment against the Debtor-Defendant in *Carol M. Rzasa, as Executrix of the Estate of*

2

*Irene V. Kozlowski v. Gail Bugnacki.(Docket No. MMX-06-CV-4006333-S).*[1] . On May 21,
2008, this Court vacated the April 30, 2008 dismissal order, but denied a motion filed by
the Debtor to reinstate the automatic stay of Section 362(a) *retroactive* to April 30, 2008,
leaving the re-entered Civil Action Judgment intact with full force and effect. *See Order on
Motion to Vacate Court Order, and to Reinstate Automatic Stay, Relating Back,* ECF No.
43. The Debtor received a discharge on October 14, 2008.

On June 9, 2008, the Plaintiff commenced the instant adversary proceeding
(Adversary Proceeding No. 08-3078) against the Debtor-Defendant to determine the
dischargeability of the debt arising from the Civil Action Judgment (hereafter, the "Debt").
Specifically, in her *Complaint to Determine Non-Dischargeability of Debt* (hereafter, the
"Complaint"), the Plaintiff asserts that the Debt should be deemed non-dischargeable
pursuant to the provisions of 11 U.S.C. §§ 523(a)(2)(A) (Count One), 523(a)(4) (Count
Two), and 523(a)(6) (Count Three).

On December 19, 2008, the Plaintiff filed a *Motion for Summary Judgment*
(hereafter, the "Motion"), ECF No. 32, and thereby commenced the instant contested
matter. In the Motion the Plaintiff asserts that each of the Complaint's claims for
nondischargability have "been conclusively resolved by the Connecticut Superior Court".
Motion at 1. Specifically, the Plaintiff directs the Court's attention to numerous
determinations of the Superior Court of the State of Connecticut in the Civil Action claimed
by the Plaintiff to include findings of fact entitled to preclusive effect in the present matter

---

[1] *See, inter alia, Memorandum of Decision* dated April 9, 2008 (hereafter, the "Civil Action
Memorandum of Decision"), *Carol M. Rzasa, as Executrix of the Estate of Irene V. Kozlowski v. Gail
Bugnacki (Docket No. MMX-06-CV-4006333-S)(Aurigemma, J.)* (hereafter, the "Civil Action") and
*Judgment* dated May 1, 2008 (heretofore and hereafter, the "Civil Action Judgment") (both attached as
Exhibits A & B, respectively, to TAB A, attached to the Plaintiff's Local Rule 56(a)1 Statement).

3

and dispositive of the Complaint.

The Motion was accompanied by a *Local Rule 56(a)1 Statement*, with Exhibits attached (including, *inter alia*, the above referenced Civil Action Judgment and the related Civil Action Memorandum of Decision (Aurigemma, J.), ECF No. 34, and a *Memorandum of Law in Support of Motion for Summary Judgment*, ECF No. 33. The Debtor responded by filing an *Objection to Motion for Summary Judgment* (hereafter, the "Objection"), ECF No. 50, accompanied by a *Brief in Support of Objection to Motion for Summary Judgment*, ECF No. 51, exhibits and affidavits related thereto, ECF Nos. 52 - 57, and a *Local Rul (sic) 56(a) (sic) Statement*, ECF No. 58. The Motion is now ripe for resolution.

## IV. SUMMARY JUDGMENT STANDARDS

### A. Federal Rule of Civil Procedure 56

Federal Rule of Civil Procedure 56(c), made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7056, directs that summary judgment enter when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Novak v. Blonder (In re Blonder)*, 246 B.R. 147, 150 (Bankr. D.Conn. 2000) (internal citations omitted).

When ruling on motions for summary judgment "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed. 2d 202 (1986). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*, 477 U.S. at 248.

4

As to materiality, the substantive law will identify which facts are material.
Only disputes over facts that might affect the outcome of the suit under the
governing law will properly preclude the entry of summary judgment. Factual
disputes that are irrelevant or unnecessary will not be counted.

*Id.*, 477 U.S. at 248. The Court, in deciding a summary judgment motion, "cannot try

issues of fact, but can only determine whether there are issues of fact to be tried." *R.G.*

*Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir.1984) (quoting *Empire*

*Electronics Co. v. United States,* 311 F.2d 175, 179 (2d Cir. 1962)).

The moving party has the burden of showing that there are no material facts in

dispute and all reasonable inferences are to be drawn, and all ambiguities resolved, in

favor of the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)

(superceded on other grounds); *see also, In re Blonder*, 246 B.R. at 150. On a motion for

summary judgment, even if the moving party's assertions are accepted as true, such as

by failure of the non-movant to adequately respond, the moving party must still

demonstrate a prima facie case of entitlement to judgment as a matter of law before the

burden shifts to the non-movant to show genuine issues of material fact in dispute. *See*

*Vermont Teddy Bear Co. Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004).

However, Federal Rule of Civil Procedure 56 does not place a duty upon the Court to

independently traverse the record in a treasure hunt for disputed facts. *See Amnesty*

*America. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002).

## B. Rule 56, Local Rules of Civil Procedure

Local Rule 56(a) of the Local Civil Rules of the United States District Court for the

District of Connecticut (hereafter, "Local Rule(s)") supplements Fed. R. Civ. P. 56(c) by

requiring, *inter alia*, statements of material fact from each party to a summary judgment

5

motion.[2] Under Local Rule 56(a)1, the material facts set forth in a movant's statement and

adequately supported,"will be deemed admitted unless controverted by the statement

required to be filed and served by the opposing party in accordance with Local Rule

56(a)2."

    The underlying purpose of Local Rule 56(a) is to assist the Court in the efficient

determination of motions for summary judgment and thereby conserve limited and valuable

---

[2] Local Rule 56(a), entitled "Motions for Summary Judgment," applicable to this proceeding by D.
Conn. LBR 1001-1(b), states in pertinent part as follows:

   1. There shall be annexed to a motion for summary judgment a document
   entitled "Local Rule 56(a)1 Statement", which sets forth in separately numbered
   paragraphs meeting the requirements of Local Rule 56(a)3 a concise statement of each
   material fact as to which the moving party contends there is no genuine issue to be tried.
   All material facts set forth in said statement and supported by the evidence will be
   deemed admitted unless controverted by the statement required to be filed and served by
   the opposing party in accordance with Local Rule 56(a)2.

   2. The papers opposing a motion for summary judgment shall include a
   document entitled "Local Rule 56(a)2 Statement," which states in separately numbered
   paragraphs meeting the requirements of Local Rule 56(a)3 and corresponding to the
   paragraphs contained in the moving party's Local Rule 56(a)1 Statement whether each of
   the facts asserted by the moving party is admitted or denied. The Local Rule 56(a)2
   Statement must also include in a separate section entitled "Disputed Issues of Material
   Fact" a list of each issue of material fact as to which it is contended there is a genuine
   issue to be tried.

   3. Each statement of a material fact by a movant in a Local Rule 56(a)1
   Statement or by an opponent in a Local Rule 56(a)2 Statement, and each denial in an
   opponent's Local Rule 56(a)2 Statement, must be followed by a specific citation to (1) the
   affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that
   would be admissible at trial. The affidavits, deposition testimony, responses to discovery
   requests, or other documents containing such evidence shall be filed and served with the
   Local Rule 56(a)1 and 2 Statements in conformity with Fed. R. Civ. P. 56(e). The "specific
   citation" obligation of this Local Rule requires counsel and pro se parties to cite to specific
   paragraphs when citing affidavits or responses to discovery requests, and to cite to
   specific pages when citing to deposition or other transcripts or to documents longer than a
   single page in length. Counsel and pro se parties are hereby notified that failure to provide
   specific citations to evidence in the record as required by this Local Rule may result in the
   Court deeming certain facts that are supported by the evidence admitted in accordance
   with Rule 56(a)1 or in the Court imposing sanctions, including, when the opponent fails to
   comply, an order granting the motion if the undisputed facts show that the movant is
   entitled to judgment as a matter of law.

* * * *

6

judicial resources. *Coger v. Connecticut*, 309 F.Supp.2d 274, 277 (D.Conn.2004) ("The purpose of [Local] Rule 56 is to aid the court, by directing it to the material facts that the movant claims are undisputed and that the party opposing the motion claims are disputed.").

## V. DISCUSSION

### A. The Local Rule 56(a) Statements

Initially, the Court notes that in the Objection the Defendant states, "as the Defendant's Statement of Facts indicates the entire string of assumptions that form the basis of the Plaintiff's complaint are controverted." Objection at 1-2.[3] In determining whether there are material facts in genuine issue, this Court looks first to the parties' Local Rule 56(a) Statements. For the purposes of this contested matter a comparison of those Statements has produced a body of facts deemed admitted, and therefore uncontested, largely the consequence of the Debtor-Defendant's deficient Local Rule 56(a)2 Statement.

In the present matter the Plaintiff has complied with the requirements of Local Rule 56(a)1 and 3. By contrast, the Defendant simply ignores the requisites of Local Rule 56(a)2, and, through her lack of attention to the Local Rules has deprived the Court of their intended benefit and compounded the Court's burden in fairly and efficiently determining the present motion.

The Defendant's purported Local Rule 56(a)2 Statement, captioned "Local Rul (sic) 56(a) (sic) Statement" (hereafter, the "Local Rule 56(a)2 Statement"), fails to comply, in

---

[3]Perhaps, noting the obvious to all but the Defendant, Local Rule 56(a)1 "deems admitted" all material facts set forth in the Local Rule 56(a)1 Statement unless controverted by the statement required to be filed and served by the opposing party in accordance with Local Rule 56(a)2. A denial of "assumptions" that form the basis of the a complaint is not relevant to Local Rule 56(a).

form and in substance, with the requirements of Local Rule 56(a)(2) in several respects.[4]

The Local Rule 56(a)2 Statement does not state "in separately numbered paragraphs . .

. *corresponding to the paragraphs contained in the moving party's Local Rule 56(a)1*

*Statement whether each of the facts asserted by the moving party is admitted or denied.*"

(emphasis supplied).[5]  Indeed, the numbered paragraphs in the Local Rule 56(a)2

Statement lack any correspondence whatsoever to the Plaintiff's Local Rule 56(a)1

Statement.[6]  Instead, the Local Rule 56(a)2 Statement merely provides the Defendant's

version of material facts she deems of import without any attempted correlation to the

Local Rule 56(a)1 Statement.

In addition, the Local Rule 56(a)2 Statement must also include a separate section

entitled "Disputed Issues of Material Fact," but does not. Moreover, the Local Rule 56(a)2

Statement contains numerous assertions of fact unaccompanied by citations to affidavits

and/or evidence admissible at trial.[7]  "Local Rule 56(a) requires a court to consider only

those statements of fact that are supported by the evidence." *Martin v. Town of Westport,*

---

[4]Confusion begins with the introductory sentence of the Local Rule 56(a)2 Statement which asserts the facts which follow to be "indisputable in accordance with D. Conn. L. Civ. Rule 56(a)1".

[5]The lack of correspondence between the enumerated paragraphs in the Local Rule 56(a)2 Statement and the paragraphs of the Local Rule 56(a)1 Statement is immediately evident by virtue of the quantity of paragraphs. The Local Rule 56(a)1 Statement offers forty-two (42) alleged statements of undisputed material facts. The Local Rule 56(a)2 response offers twenty-five (25) statements, a disparity facially evident of a lack of the requisite correspondence.

[6]For example, the Local Rule 56(a)1 Statement, ¶1 alleges as undisputed that Carol M. Rzasa is the Executrix of the Estate of Irene V. Kozlowski and was appointed to that position by the Probate Court on or about March 30, 2006. The Local Rule 56(a)2 Statement, in the "corresponding" ¶1, simply states that Irene Kozlowski and her husband had four children and raised them in the home located at 588 Main Street, Cromwell, Connecticut.

[7]In particular, more than half, or thirteen (13) out of twenty-five (25) of the Defendant's alleged facts contained within the Local Rule 56(a)2 Statement lack any citation to any evidentiary support whatsoever, and two (2) broadly cite the entirety of four affidavits without reference to specific paragraphs therein.

8

558 F.Supp.2d 228, 231 (D.Conn. 2008). Local Rule 56(a)3 requires specific citations to

paragraphs or page numbers in affidavits, depositions, or other evidence in support of the

factual assertions alleged. The Rule further indicates:

> [F]ailure to provide specific citations to evidence in the record as required
> by this Local Rule may result in the Court deeming certain facts that are
> supported by the evidence admitted in accordance with Rule 56(a)1or in
> the Court imposing sanctions, including, when the movant fails to comply,
> an order denying the motion for summary judgment, and, *when the
> opponent fails to comply, an order granting the motion if the undisputed
> facts show that the movant is entitled to judgment as a matter of law*.

Local Rule 56(a)3 (emphasis added)..

Finally, the party opposing a Motion for Summary Judgment is required by Local

Rule 56(a)2 to state in each paragraph "whether each of the facts asserted by the moving

party is admitted or denied." The Local Rule 56(a)2 Statement does not include the words

"admit" or "deny" in any paragraph.

Pursuant to Local Rule 56(a)1, "[a]ll material facts set forth in said [Local Rule

56(a)1] statement and supported by the evidence will be deemed admitted unless

controverted . . ." Consequently, while drawing all reasonable inferences and resolving all

ambiguities in favor of the Defendant, and reading the responsive pleadings in their

broadest sense, the Court deems admitted all material facts alleged in the Local Rule

56(a)1 Statement except for paragraphs 17(g), (f) and (j). *See* fn. 9, *infra*, and discussion

hereafter. The particular paragraphs in the Local Rule 56(a)2 Statement which lack any

specific citation to the record or other admissible evidence (¶¶3, 14-25) are hereby

disregarded.

Notwithstanding the above, the Second Circuit has noted that the Court "may not

rely solely on the statement of undisputed facts contained in the moving party's [Local]

Rule 56[(a)1] statement. It must be satisfied that the citation to evidence in the record supports the assertion," *Vermont Teddy Bear Co., Inc.*, 373 F.3d at 244.[8] Of the remaining twelve assertions of fact contained in the Local Rule 56(a)2 Statement, only the assertions contained in paragraphs 8, 10, and 11 arguably appear to raise disputed issues of material fact[9]. In addition, while drawing all reasonable inferences in favor of the Defendant, this Court deems the Local Rule 56(a)2 assertions in ¶12 and ¶13 to be mere contextual explanations rather than denials. *See Carone v. Mascolo*, 573 F.Supp.2d 575, 581 (D. Conn. 2008) (admitting one party's Local Rule 56(a) factual assertions where the opposing party's assertions "are not actual disagreements with the [movant's] statements, but instead seek to explain, or contextualize" them). A party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir.1986), *cert. denied*, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). "When a party fails to appropriately deny material facts set forth in the movant's Rule 56(a)(1) statement, those facts are deemed admitted." *Knight v. Hartford Police Dept.*, 2006 WL 1438649, at *4 (citing *SEC v. Global Telecom Servs. L.L.C.*, 325 F.Supp.2d 94, 109 (D.Conn.2004)). Furthermore,

---

[8]Likewise, this standard has been held to apply to the party opposing a motion for summary judgment. *See, e.g., Knight v. Hartford Police Dept.*, No. 3:04 CV 969(PCD), 2006 WL 1438649, at *6 (D.Conn. May 22, 2006) (disregarding assertions in a party's Local Rule 56(a) Statement that were unsupported by citations to the record or admissible evidence); *Henton v. City of New London*, No. 3:06 CV 2035(EBB), 2008 WL 2185933, at *5 (D.Conn. May 23, 2008) (same).

[9]Notwithstanding the lack of requisite correspondence, the Defendant's 56(a)2 assertion in ¶8 can be read as a denial of Plaintiff's 56(a)1 Statement, ¶ 17(g), regarding whether Irene Kozlowski or Gail Bugnacki provided the down payment on the property at 898 Arbutus Street, Middletown, Connecticut. Defendant's 56(a)2 assertion in ¶10 can be read as a denial of Plaintiff's 56(a)1 Statement, ¶ 17(f), regarding whether Gail Bugnacki coerced Irene Kozlowski to live with her. Defendant's 56(a)2 assertion in ¶11 can be read as a denial of Plaintiff's 56(a)1 Statement, ¶ 17(j), regarding whether Gail Bugnacki forged checks of Irene Kozlowski.

as indicated above, paragraphs 12 and 13 of Defendant's Local Rule 56(a)2 Statement also lack citations to particular paragraphs or page numbers, leaving the Court instead to traverse the entire evidentiary record before it in search of supporting evidence.

## B. Facts Deemed Admitted or Undisputed Pursuant to Application of the Local Rule 56(a) Statements

Against this background of, *inter alia*, a conforming Rule 56(a)1 Statement, a nonconforming Rule 56(a)2 Statement, the pleadings, together with the affidavits and relevant files and records of the instant case and proceeding, and the determinations of the Connecticut Superior Court in the Civil Action, the following facts, substantive and procedural, are undisputed, deemed undisputed, and/or cannot be disputed.

Irene Kozlowski and her husband, John Kozlowski, owned real property located at 588 Main Street in Cromwell, Connecticut, where they resided. John's mother, Blanche Kozlowski, resided in real property located next door at 586 Main Street, Cromwell, Connecticut (hereafter, the "Property"). Upon Blanche's death, the Debtor moved into the Property and lived there rent-free for fifteen years. John and Irene Kozlowski purchased the property located at 586 Main Street and subsequently quit-claimed the property to the Debtor in 1992 for no consideration. Thereafter, the property at 586 Main Street was sold by the Debtor, and Irene Kozlowski purchased a property in Middletown, Connecticut, in her name and began residing there with the Debtor.

Several years after the death of her husband, Irene Kozlowski died testate on February 25, 2006, and was survived by her four children: Carol, Gail, Jack, and Robert. The eldest daughter, Carol Rzasa, was appointed executrix of the estate of Irene Kozlowski. In her capacity as executrix of the estate of Irene Kozlowski, Carol Rzasa

11

brought the Civil Action against the Debtor, Gail Bugnacki, in the Superior Court of the State of Connecticut. The Complaint in the Civil Action alleged that the Debtor misappropriated real and personal property of her late mother, and asserted causes of action for breach of fiduciary duty, fraud, undue influence, conversion, civil theft, unjust enrichment, constructive trust, and breach of contract.

On December 1, 2006, in the Civil Action, the Plaintiff served on the Debtor *Plaintiff's First Set of Interrogatories and First Request for Production of Documents*. The Debtor-Defendant did not respond timely to those requests, and on January 8, 2007, the Plaintiff filed a *Motion for Order of Compliance*. On January 22, 2007, the Superior Court granted the Plaintiff's motion and ordered the Debtor to comply by February 16, 2007. On March 2, 2007, after the Debtor failed to comply with the Plaintiff's discovery requests, the Plaintiff filed a *Motion for Default*. On April 23, 2007, the Superior Court entered a default judgment against the Debtor but noted that the Court would "entertain a timely motion to open default, provided it is accompanied by compliance." The Debtor's attorney filed a Notice of Compliance, but upon realization that the Debtor had in fact not complied with discovery, the Plaintiff filed a *Motion for Order to Strike the Notice of Compliance*. That motion was granted by the Superior Court on May 30, 2007.

A hearing on damages was held on January 8, 2008, following which the Superior Court awarded damages in the amount of $1,032,906.69, comprised of:

(a) $289,083.05 in compensatory damages for amounts misappropriated;

(b) $80,000 in common law punitive damages for Debtor's fraud;

(c) $578,168.00 in treble damages pursuant to Conn. Gen. Stat. §52-564 for Debtor's civil theft; and

12

(d) $85,665.64 in prejudgment interest pursuant to Conn. Gen. Stat. §37-3a.

In its Memorandum of Decision dated April 9, 2008, the Superior Court entered

judgment against the Debtor. Civil Action Memorandum of Decision at 12-14. In the Civil

Action Memorandum of Decision the Superior Court determined, *inter alia*,

> The complaint alleges that the plaintiff is the Executrix of the Estate of Irene V. Kozlowski and was appointed by the Middletown Probate Court on March 30, 2006. She is Irene V. Kozlowski's daughter. Irene V. Kozlowski was born on July 5, 1918 and died testate on February 25, 2006. Mrs Kozlowski was survived by her four children. The defendant, Gail Bugnacki, is on (sic) of Mrs. Kozlowski's children and resides in Middletown, Connecticut.
>
> Mrs. Kozlowski owned real property at 586 Main Street, 588 Main Street and, 5 Beechwood Circle in Cromwell, Connecticut. She also owned real estate in East Haddam and Westbrook, Connecticut. In 1992 the defendant lived at the 586 Main Street, Cromwell property rent free. She wanted to secure a loan to build a residence in Middletown. She persuaded her parents (Mr. Kozlowski died in 2001) to give her title to the 586 Main Street property so that she could use it as collateral. She agreed that she would only be the nominal owner of that property and that her parents would retain the real interest in the property. The Kozlowskis continued to be the owners of that property, collecting rents and making improvements. They moved into the 586 Main Street, Cromwell property commencing in 1999.
>
> In 2004 and until her death, Mrs. Kozlowski had two principal sources of income, social security, and a pension. She had two principal bank accounts, a money market account and a checking account.
>
> Under Mrs. Kozlowski's last will and testament, each of her four children were to receive an equal share of her estate. Beginning in 2004 and continuing throughout the fourteen months leading up to Mrs. Kozlowski's death, the defendant engaged in a scheme aimed at assuming control over Mrs. Kozlowski's affairs in order to misappropriate to herself Mrs. Kozlowski's assets to the exclusion of her siblings.
>
> In 2004 the defendant could no longer afford her residence in Middletown. She made untruthful representations to Mrs. Kozlowski and others that her health was failing and that she had a life-threatening heart condition. These misrepresentations were made to induce her mother's sympathy and, ultimately, to induce her mother to give her money or property.
>
> The Defendant convinced her mother that she and the defendant had to purchase a larger residence in which they both could reside. The defendant represented to her mother that they would purchase the new home in equal shares. This representation was false.

13

Thereafter the defendant selected property located at 898 Arbutus Street in Middletown (the "Middletown Property") and placed a bid on that property in the name of Mrs. Kozlowski, while representing to Mrs. Kozlowski that the defendant would also purchase the property. Later, the defendant told her mother that she could not obtain financing, and that Mrs. Kozlowski would have to be the sole purchaser of the Middletown Property. Mrs. Kozlowski purchased the Middletown Property in her sole name, providing all of the $40,567.07 down payments. Thereafter, Mrs. Kozlowski relocated from the Main Street, Cromwell property to the Middletown Property.

After Mrs. Kozlowski moved to the Middletown Property, the Defendant attempted to reach agreements with her siblings concerning the eventual disposition of her mother's future estate. She was unable to reach agreements with any of her siblings. Therefore, she undertook to gain control of her mother's estate prior to her mother's death.

The defendant coerced her mother into executing a power of a attorney in the defendant's name, told people that Mrs. Kozlowski had dementia, attempted to isolate Mrs. Kozlowski from her other children and assumed complete control over Mrs. Kozlowski's healthcare and finances.

The Defendant used her position of trust with her mother to misappropriate to herself funds from her mother's bank accounts by forging certain checks. She also convinced her mother to close out her existing bank accounts which were joint accounts with her son, Robert Kozlowski, and to set up all of her accounts jointly with the defendant. Having access to the new accounts the defendant converted her mother's funds to her own use.

Following her purchase of the Middletown Property, Mrs. Kozlowski decided to sell the Main street, Cromwell property. She directed the defendant to put the property on the market. The property was sold for 231,900. The Defendant represented to her siblings and Mrs. Kozlowski that she was holding the money in an interest bearing account for the benefit of Mrs. Kozlowski. Those representations were false. The defendant had in reality appropriated the proceeds to her own use. The misrepresentations were made with the intention of inducing Mrs. Kozlowski to forbear from taking action to obtain custody of the proceeds.

Although Mrs. Kozlowski paid for the Middletown Property and held that property in her own name, on October 20, 2005, the defendant induced and coerced her mother into executing a quitclaim deed which conveyed the Middletown Property to Mrs. Kozlowski and the defendant with rights of survivorship. The defendant provided no consideration for the aforementioned transfer.

Based upon the aforementioned default by the defendant, the above allegations of the complaint are deemed true.

14

## C. Preclusive Effect of the State Court Civil Action

In seeking summary judgment, the Plaintiff relies upon the alleged preclusive effect of the Civil Action Default Judgment in hopes of establishing critical material facts justifying judgment as a matter of law in this proceeding. She argues that the Defendant is collaterally estopped from disputing the findings of the Civil Action Memorandum of Decision and Civil Action Default Judgment, namely that the Debtor engaged in the illicit conduct averred in the Superior Court Complaint, and that such findings are sufficient to establish non-dischargeability under Bankruptcy Code Sections 523(a)(2), (4), and/or (6).

In her Brief the Defendant acknowledges the existence of the Civil Action Memorandum of Decision and Civil Action Judgment, but attacks its validity asserting, *inter alia*, that "the matter was not fully and fairly litigated," that the Civil Action Judgment "was not entered following [a] 'full, evidentiary damages trial'," and that she did not have an "opportunity to argue or defend" in that Civil Action. Defendant's Brief, ECF No. 51, at 2, 7.

Distilled to its essence, the resolution of this motion for summary judgment hinges upon whether the moving party – the Plaintiff – has satisfied her burden in proving that principles of collateral estoppel preclude the relitigation of matters already determined in the Civil Action.

### 1. Applicability of Collateral Estoppel in Dischargeability Proceedings

The United States Supreme Court has confirmed that collateral estoppel is available to litigants in Bankruptcy Code disputes, and specifically in the context of dischargeability proceedings under 11 U.S.C. § 523(a). *Grogan v. Garner*, 498 U.S. 279, 285 n.11 (1991). Under the Full Faith and Credit Doctrine, as codified by 28 U.S.C. § 1738, unless an

15

exception applies, a federal court is required to give a state court judgment the same preclusive effect as would a sister court of the judgment state.[10] *Allen v. McCurry*, 449 U.S. 90, 96 (1980). Thus, in the instant case this Court must look to Connecticut law to determine whether the Connecticut state courts would preclude the Defendant from contesting facts material to the Plaintiff's dischargeability claims. *In re Swirsky*, 372 B.R. 551, 562 (Bankr. D. Conn. 2006) (citing *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985); *Spencer v. Bogdanovich (In re Bogdanovich)*, 292 F.3d 104, 110 (2d Cir. 2002)).

Under Connecticut law, "[c]ollateral estoppel, or issue preclusion, prohibits the re-litigation of an issue when that issue was actually litigated and necessarily determined in a prior action." *Carnemolla v. Walsh*, 75 Conn.App. 319, 325, 815 A.2d 1251, 1256-7 (Conn. App. 2003), *cert. denied*, 263 Conn. 913, 821 A.2d 768 (2003) (internal quotation marks and citations omitted). The Connecticut Supreme Court has held that collateral estoppel gives preclusive effect to a default judgment where an issue was (1) "fully and fairly litigated," (2) "actually decided," and (3) "necessary to the judgment". *Virgo v. Lyons*, 209 Conn. 497, 501, 551 A.2d 1243 (1988). Accordingly, the doctrine of collateral estoppel and its preclusive effect is available to the Plaintiff in the instant matter.

---

[10] In this case there is no exception to the full faith and credit doctrine codified at 28 U.S.C. § 1738. There is no claim that the Connecticut Superior Court lacked jurisdiction, or that the Default Judgment was procured by fraud or collusion. *See Kelleran v. Andrijevic*, 825 F.2d 692, 694 (2d Cir. 1987), *cert. denied*, 484 U.S. 1007 (1988). The matters sought to be estopped are "issues well within the regular competence and experience of state courts" and "there is nothing about the issues...which suggests intervention of any strong federal bankruptcy policy prohibiting application of § 1738." *In re Byard*, 47 B.R. 700 (Bankr. M.D. Tenn. 1985). *See also Marrese v. American Academy of Ortho. Surgeons,* 470 U.S. 373, 386 (1984) (specific Congressional intent to create an exception to the full faith and credit doctrine must be found). Although as a practical matter the district courts enjoy jurisdiction over Sections 523(a)(2), (4) and (6) dischargeability actions exclusive of the State courts, *see* 11 U.S.C. § 523(c), *but see* 28 U.S.C. § 1334(c)(1), there is no provision of either Title 11 or Title 28 which evidences a Congressional desire to exclude State courts from the determination of certain facts material to a judgment of non-dischargeability.

16

## 2. Burden of Proof

The party seeking to utilize the doctrine of collateral estoppel has the ultimate burden of proving the elements necessary for its application. *See, e.g., Comm'r of Envtl. Prot.v. Conn. Bldg. Wrecking Co., Inc.*, 227 Conn. 175, 195 (1993). If the Plaintiff fails to meet this burden, it never shifts to the Defendant, and Plaintiff's motion for summary judgment must be denied. *See Vermont Teddy Bear Co. Inc.*, 373 F.3d at 246. However, if the Plaintiff here is able to meet her burden in establishing that collateral estoppel is applicable, then her motion for summary judgment must be granted because there remain only three issues of material fact that can possibly be disputed by the non-moving party Defendant, *see* n. 9, *supra*, and all three of these issues were previously determined by the Connecticut Superior Court in rendering its judgment. More specifically, if the Plaintiff is able to meet her burden in establishing that collateral estoppel is applicable, the preclusive effect of the Civil Action, as noted hereafter, is dispositive of Counts One and Two of the Complaint (founded on §§ 523(a)(2) & (4), respectively) without further reference to facts deemed admitted under Rule 56(a)1 as no genuine issues of material fact relevant to those Counts would remain in dispute in the matter before this Court.

### 3. Special Considerations Concerning Connecticut State Court Default Judgments (Defendant's Participation in the State Court Civil Action and her Repeated Failures to Comply with Discovery in that Action)

In considering whether an issue determined by a default judgment in an earlier state court decision was "fully and fairly litigated" and thus entitled to preclusive effect, the Connecticut Supreme Court has held that:

17

[T]he appropriate inquiry with respect to both types of preclusion [issue preclusion and claim preclusion] is whether the party had an adequate *opportunity* to litigate the matter in the earlier proceeding. . . .[H]ad there been a full and fair *opportunity* to litigate issues and such issues were necessary to a default judgment, that judgment should put to rest subsequent litigation of all issues necessary for the rendering of the default judgment.

*Jackson v. R.G. Whipple, Inc.*, 225 Conn. 705, 717-718 (1993) (emphasis added; citations and internal quotation marks omitted). Consequently, "courts are more likely to afford collateral estoppel effect to default judgments where the defendant has participated in the case to some degree, and less likely to do so where the defendant never appeared or filed any paper." *Resoluton Trust Corp. v. Roberti (In re Roberti)*, 183 B.R. 991, 1000 (Bankr. D. Conn. 1995) (refusing to give a state court default judgment collateral estoppel effect where the Debtor was not aware of and thus had not appeared in the state court proceeding). Moreover, "courts are more likely to afford collateral estoppel effect to default judgments that are entered as a sanction against the defendant for dilatory or otherwise improper litigation tactics" such as the "repeated failure to comply with discovery requests." *Id.* at 1001.

In this matter, the particular facts associated with the Defendant's appearance in the State Court Civil Action exhibit significant participation therein, and support the application of collateral estoppel in the dischargeability proceeding before this Court. The Defendant was served in the State Court Civil Action, and was represented by counsel in that action.[11] The Superior Court, in its Civil Action Memorandum of Decision and in entering the Civil Action Judgment, highlighted that the Debtor did in fact participate by, *inter alia*, filing

---

[11]Defendant's counsel filed an appearance in the State Court Civil Action on November 28, 2006.

papers with the Court. Citations provided, *infra*.

In addition, the State Court also noted that the counsel for the Defendant engaged in improper litigation tactics and repeatedly failed to comply with various discovery requests as ordered by that court, contributing to the default judgment entered against her. (For a detailed recitation of the Debtor's counsel's state court appearance and conduct leading to the entry of the default judgment, *see* Civil Action Memorandum of Decision at 1-4 (noting, *inter alia*, counsel's "repeated failure to comply with discovery", "failure to comply with order of compliance", "misrepresentation in pleading," and "repeated" and "egregious" "misrepresentations to court and opposing counsel").

## 4. The Preclusive Effect of the Civil Action as Applied to Plaintiff's Claim Under Section 523(a)(2)(A) (Complaint, Count One)

In Count One of the Complaint the Plaintiff seeks a determination of nondischargeability under the provisions of Bankruptcy Code Section 523(a)(2)(A) which provides in pertinent part that –

(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt--

(2) for money, property, services or an extension . . . of credit, to the extent obtained by--

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . . .

11 U.S.C. § 523(a)(2)(A) (2008).

To establish a debt as non-dischargeable under Section 523(a)(2)(A), a plaintiff must prove:

(1) the debtor made the representation;
(2) at the time he knew it was false;

19

(3) he made it with the intention and purpose of deceiving the creditor;

(4) the creditor relied on such representation; and

(5) the creditor sustained the alleged loss as the proximate
    cause of the representation.

*In re Dwyer*, 2008 WL 5706889 (Bankr. D. Conn. 2008) (citing *In re Innovative Medical*

*Care, Inc.*, 372 B.R. at 570).

Under Connecticut law, the elements of fraud are:

(1) that a false representation was made as a statement of fact;

(2) that it was untrue and known to be untrue by the party making it;

(3) that it was made to induce the other party to act on it; and

(4) that the latter did so act on it to his injury.

*Miller v. Appleby*, 183 Conn. 51, 54-55, 438 A.2d 811 (1981).  The elements of

dischargeability under Section 523(a)(2)(A) are essentially the same as the elements of

fraud under Connecticut law.

## a. The elements of § 523(a)(2)(A) were fully and fairly litigated

The first prong of collateral estoppel asks whether the issues involved in Plaintiff's

instant dischargeability claim under Section 523(a)(2)(A) presently before this Court were

*fully and fairly litigated* in the Civil Action. The Defendant appeared through counsel and

defended in the Civil Action on a claim for fraud (Count Two). As discussed in Part 3,

*supra*, the Debtor-Defendant is deemed to have actually litigated the fraud issues because

she had a "full and fair *opportunity* to actually litigate the issues in the prior action." *McCart*

*v. Jordana (In re Jordana)*, 232 B.R. 469, 477 (B.A.P. 10th Cir. 1999) (citations omitted);

*see also FDIC v. Daily (In re Daily)*, 47 F.3d 365, 368 (9th Cir. 1995); *Wolstein v. Docteroff*

*(In re Docteroff)*, 133 F.3d 210, 215 (3d. Cir. 1997).  Therefore, the issues relating to the

Plaintiff's instant nondischargeability claim under Section 523(a)(2)(A), being the same

20

issues involved in Plaintiff's Civil Action, see Part 4(b), infra, were fully and fairly litigated for purposes of the present summary judgment motion.

### b. The elements of §523(a)(2)(A) were actually decided

The second prong of collateral estoppel asks whether the issues before the instant Court were *actually decided* in the Civil Action. In entering judgment, the Superior Court determined that the Defendant committed fraud by making false representations to Irene V. Kozlowski, which the Defendant knew to be false, with the intent to induce Irene V. Kozlowski to act or refrain from acting, and upon which Irene Kozlowski did justifiably rely, thereby suffering damage as a result. Civil Action Memorandum of Decision, at page 5. Therefore, the second prong is satisfied.

### c. The elements of §523(a)(2)(A) Were Necessary to the Judgment

Finally, the third prong of collateral estoppel asks whether the issues before the instant Court were necessary to the judgment. An issue is necessary to the judgment if, "in the absence of a determination of the issue, the judgment could not have been validly rendered." In re Roberti, 183 B.R. 991, 1001 (Bankr. D. Conn. 1995). The Superior Court's judgment on the issue of fraud was dependent upon its determination that the Defendant committed fraud, and other determinations related to issues related to §523(a)(2) as set forth in Part 4(b), supra.

Section 523(a)(2)(A)'s requisite elements of fraud, having been fully and fairly litigated, actually decided, and being necessary to the Superior Court default judgment, are entitled to collateral estoppel effect, barring re-litigation of those issues before this Court. This Court therefore gives preclusive effect to the relevant determinations of the Superior

21

Court in the Civil Action, and, consequently, determines that the Plaintiff has established,

as a matter of law, that summary judgment is appropriate with respect to Count One –

dischargeability under Section 523(a)(2)(A).

## 5. The Preclusive Effect of the Civil Action as Applied to Plaintiff's Claim Under Section 523(a)(4) (Complaint, Count Two).

In Count Two of the Complaint the Plaintiff seeks a determination of

nondischargeability under the provisions of Bankruptcy Code Section 523(a)(4) which

provides in pertinent part that –

   (a) A discharge under section 727 . . . of this title does not discharge an
   individual debtor from any debt–

      (4)    for fraud or defalcation while acting in a fiduciary capacity,
             embezzlement, or larceny

11 U.S.C. § 523(a)(4) (2008).

To meet her burden of establishing collateral estoppel effect for Section 523(a)(4),

the Plaintiff must prove that the elements thereof were fully and fairly litigated, actually

decided, and necessary to the judgment rendered by the Superior Court. *See Virgo v.*

*Lyons,* 209 Conn. at 501.

### a. The elements of § 523(a)(4) were fully and fairly litigated

Once again, the first prong of collateral estoppel asks whether the issues before the

instant Court were *fully and fairly litigated.* Here, the Defendant appeared and defended

in the Superior Court on claims for breach of fiduciary duty (Count One) and fraud (Count

Two). As discussed in Part 3, *supra,* the Defendant is deemed to have actually litigated the

fiduciary duty and fraud issues because she had a "full and fair *opportunity* to actually

litigate the issues in the prior action." *McCart v. Jordana (In re Jordana)*, 232 B.R. at 477;

22

*see also FDIC v. Daily (In re Daily)*, 47 F.3d at 368; *Wolstein v. Docteroff (In re Docteroff)*,
133 F.3d at 215. Therefore, the Civil Action issues relating to the Plaintiff's breach of
fiduciary duty and fraud claims, being the same issues involved in Plaintiff's instant
dischargeability claim under Section 523(a)(4), *see* Part 5(b), *infra*, were fully and fairly
litigated.

### b. The elements of § 523(a)(4) were actually decided

The second prong of collateral estoppel asks whether the issue before the instant
Court was *actually decided*. In entering judgment, the Superior Court determined that by
forging checks of Irene Kozlowski, the Defendant committed fraud, *see* Part 5(b), *infra*, and
did so while acting in a fiduciary capacity. Civil Action Memorandum of Decision, at page
6. The concept of "fiduciary capacity" under section 523(a)(4) is one ultimately determined
by federal law, *e.g., Fowler Brothers v. Young (In re Young)*, 91 F.3d 1367, 1371 (10th Cir.
1996), "although state law is relevant to the inquiry." *First American Title Ins. Co. v.
Eberhart (In re Eberhart)*, 283 B.R. 97, 100 (Bankr. D. Conn. 2002). *See also In re Hayes*,
183 F.3d 162, 166 (2d Cir. 1999). Because the Superior Court actually decided the issues
of fraud and fiduciary capacity under Connecticut law, and because by implication these
same issues are relevant to Section 523(a)(4), the second prong is satisfied.[12]

### c. The elements of § 523(a)(4) were necessary to the judgment

Finally, the third prong of collateral estoppel asks whether the issue before the
instant Court was *necessary to the judgment*. An issue is necessary to the judgment if, "in

---

[12]Since § 523(a)(4) allows debts to be dischargeable for fraud *or* defalcation committed within a
fiduciary capacity, and since the Superior Court decided that fraud was committed in a fiduciary capacity, it
is not necessary for this Court to determine whether the Superior Court considered the issue of defalcation
in a fiduciary capacity.

the absence of a determination of the issue, the judgment could not have been validly rendered." *In re Roberti*, 183 B.R. at 1001. The Superior Court's judgment on the issues of fraud and breach of fiduciary duty were dependent upon its determination that Defendant committed fraud and that Defendant did so while acting in a fiduciary capacity.

The elements of fraud and fiduciary duty were established in the Plaintiff's Superior Court Civil Action and are entitled to collateral estoppel effect barring re-litigation of those issues before this Court. Consequently, the Plaintiff has established that, as a matter of law, summary judgment is appropriate with respect to Count Two – dischargeability under Section 523(a)(4).

## 6. The Preclusive Effect of the Civil Action as Applied to Plaintiff's Claim Under Section 523(a)(6) (Complaint, Count Three).

In light of the determinations already made herein – that the relevant debt is nondischargeable pursuant to Sections 523(a)(2)(A) and (4) – it is unnecessary for the Court to resolve the Plaintiff's claim that she is also entitled to summary judgment under Section 523(a)(6). Nevertheless, because the summary judgment calculus under 523(a)(6) gives rise to a different result, the Court chooses to address this claim.

In Count Three of the Complaint the Plaintiff seeks a determination of nondischargeability under the provisions of Bankruptcy Code Section 523(a)(6) which provides in pertinent part that –

(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt–

> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity

11 U.S.C. § 523(a)(6) (2008).

24

While neither "willful" nor "malicious" conduct is defined by the Bankruptcy Code,
the United States Supreme Court has clarified that Section 523(a)(6) renders non-
dischargeable "only acts done with *actual intent to cause injury,*" not merely "acts, done
intentionally, that cause injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974 (1998)
(emphasis added).

Although the Superior Court determined that the Defendant made
misrepresentations to Irene Kozlowski with the intention or purpose of deceiving her, this
determination alone, even coupled with the undisputed facts of this proceeding, is
insufficient to support a finding of fact that the Defendant actually intended to cause injury
to Mrs. Kozlowski by making those misrepresentations. "[I]f there is any evidence in the
record from any source from which a reasonable inference could be drawn in favor of the
nonmoving party, summary judgment is improper." *St. Pierre v. Dyer*, 208 F.3d 394, 404
(2d Cir. 2000) (citations omitted). There is no basis in the Civil Action Memorandum of
Decision, or Civil Action Judgment, nor allegation in the underlying Superior Court
Complaint, to support a finding that the Superior Court determined the Plaintiff suffered an
injury inflicted by the Defendant *for the specific purpose of causing injury*, as opposed to
injury arising from the Defendant's intentionally illicit conduct coupled with an indifference
to any consequent injury to the Plaintiff. Hence, on the present record the Plaintiff has not
met her burden of proof to establish that collateral estoppel is applicable to Section
523(a)(6) as a matter of law, or any other basis for summary judgment on the Section
523(a)(6) claim, and therefore the Plaintiff is not entitled to summary judgment as to

25

Section 523(a)(6).[13]

## VI. CONCLUSION

For the foregoing reasons, the Court concludes that the Plaintiff is entitled to

summary judgment on Counts One (§523(a)(2)(A)) and Two (§523(a)(4)) of the Complaint.

A Judgment shall enter simultaneously herewith.

Dated: August 31, 2010                                    BY THE COURT

                                                    *[signature]*
                                                    Albert S. Dabrowski
                                                    United States Bankruptcy Judge

---

[13]The Plaintiff has failed to meet its burden of proving that it is entitled to collateral estoppel as a
matter of law on the elements of § 523(a)(6). Therefore, the burden does not shift to the Defendant to
prove that genuine issues of material fact are in dispute as to § 523(a)(6). *See Vermont Teddy Bear*, 373
F.3d 241 (2d Cir. 2004).